IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LITTLETON CLAIMS SERVICE, INC.,** an Illinois corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **THE LITTLETON GROUP WESTERN DIVISION, INC.,** a Texas corporation, | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

For its Complaint, Plaintiff Littleton Claims Service, Inc. ("Littleton Claims") complains against the Defendant The Littleton Group Western Division, Inc. ("TLG" or "Defendant"), as follows:

**NATURE OF ACTION**

1. Pursuant to 28 U.S.C. § 2201, Littleton Claims seeks a declaration by this Court of its legal right to use in interstate commerce the trademarks, service marks, and trade names LITTLETON CLAIMS SERVICE and LITTLETON CLAIMS (hereinafter the "LITTLETON CLAIMS Marks") in connection with various services related to insurance underwriting and adjusting (hereinafter the "Relevant Services").

2. Defendant contends that Littleton Claim's use of the LITTLETON CLAIMS Marks in connection with the Relevant Services infringe Defendant's alleged rights in the mark THE LITTLETON GROUP.

1

3. In response to Defendant's claims, Littleton Claims asks this Court for a declaration that Littleton Claims' use of its LITTLETON CLAIMS Marks in connection with the Relevant Services does not violate Defendant's alleged rights in THE LITTLETON GROUP Mark and in particular does not constitute trademark infringement or unfair competition with respect to any rights of Defendant.

## THE PARTIES

4. Littleton Claims Service, Inc. is a corporation organized and existing under the laws of the State of Illinois having its principal place of business at 28 Kansas Street. Suite 2D, Frankfort, Illinois 60423.

5. Upon information and belief, The Littleton Group Western Division is a corporation organized and existing under the laws of the State of Texas and having its principal place of business at 1250 S. Capital of Texas Highway, Building One, West Lake Hills, Texas, 78746.

6. Upon information and belief, Defendant is licensed and currently adjudicates claims through its Third-Party Administrative division in all 50 states, including Illinois and within this District.

7. Upon information and belief, Defendant is the purported owner of United States Trademark Registration No. 6,111,686 for the mark THE LITTLETON GROUP, for use in connection with "Professional staffing services; Temporary personnel services; Temporary employment agencies; Employment staffing in the field of insurance; Employment agency services, namely, temporary placement of insurance professionals; Employment agency services, namely, filling the temporary and project staffing needs of businesses; Recruitment and placement of personnel in the field of insurance; Providing statistical evaluation of insurance claims performance measures for others" and "Insurance administration; Insurance claims

administration; Insurance claims processing; Insurance subrogation; Insurance information; Insurance consultancy services, namely, providing advice in the field of property and casualty insurance; Insurance risk management; Assessing insurance claims; Insurance administration services, namely, assisting others with adjusting insurance claims; Claims adjustment in the field of insurance; Appraisals for insurance claims of personal property; Appraisals for insurance claims of real estate; Electronic processing of insurance claims and payment data; Reimbursement payment processing in the field of insurance claims; Insurance services in the nature of loss control management for others."

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1338(b). This Court also has jurisdiction pursuant to the Lanham Act, 15 U.S.C. § 1121, and federal supplemental jurisdiction under 28 U.S.C. § 1367.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that Littleton Claims resides in and is doing business in this District, a substantial part of the events giving rise to this action occurred in this District, and Defendant is subject to jurisdiction in this District. Plaintiff is located in Frankfort, Illinois, within the jurisdiction of this Court. Defendant's actions have caused and will continue to cause injury and threatened harm to Littleton Claims in this District. Thus, the consequences of Defendant's actions have a direct impact in Illinois and within this District, thereby producing effects in and directly implicating this District and Illinois.

## PLAINTIFF AND ITS LITTLETON CLAIMS MARKS

10. Littleton Claims was founded in 1994 by its current President and CEO, James M. Littleton ("Mr. Littleton"). Prior to founding Littleton Claims, Mr. Littleton worked in a

3

variety of industries in and around Chicago until, in 1982, he was given an opportunity to work in the insurance industry. Upon its founding, and then a veteran of the independent insurance adjustment business, Littleton Claims fulfilled Mr. Littleton's lifelong dream of starting a business in his native south side of Chicago bearing his family name. Since its humble beginnings, Littleton Claims has grown to serve virtually every major insurance carrier across all fifty states and in many countries around the world. Littleton Claims provides independent Property and Casualty insurance adjusting and appraisal services for insurance companies and self-insured entities.

11. Since 1994, Littleton Claims has invested substantial time and money promoting its LITTLETON CLAIMS Marks in connection with the marketing and sale in interstate commerce of its insurance adjusting services. The LITTLETON CLAIMS Marks are distinctive and highly recognized by the consuming public. In addition, Littleton Claims has a deep sense of obligation to give back to the community, providing support to numerous charitable organizations, providing scholarship to south side of Chicago youth, and providing other philanthropic services through the nonprofit Forming Faithful Families™. As a result, Plaintiff's LITTLETON CLAIMS Marks have become, through widespread public recognition, an asset of substantial value symbolizing Littleton Claims, its quality services and its immeasurable goodwill.

12. The services offered by Littleton Claims are marketed and sold in a variety of ways, including through various services directories, direct solicitations and through its Internet web site located at the url https://www.littletonclaims.com/. The services offered and rendered by Plaintiff in connection with its LITTLETON CLAIMS Marks since 1994 are sold throughout the United States and in various foreign markets around the globe.

13. Through its extensive marketing and sales efforts, Littleton Claims has achieved significant market success and has developed valuable consumer recognition in its LITTLETON

CLAIMS Marks since use of the marks commenced in 1994.

14. By reason of such advertising, promotion and sale of Littleton Claim's services under the LITTLETON CLAIMS Marks, Plaintiff has developed substantial goodwill in connection with the LITTLETON CLAIMS Marks.

## **DEFENDANT'S ASSERTED TRADEMARK RIGHTS**

15. Defendant claims ownership of United States Trademark Registration No. 6,111,686 for the mark THE LITTLETON GROUP, the underlying application for which was filed on October 9, 2019. The United States Patent and Trademark Office issued a Certificate of Registration in connection with said application on July 28, 2020.

16. In its federal trademark application, Defendant claims March of 1999 as its date of first use, and first use in interstate commerce of the mark THE LITTLETON GROUP. Said application was signed, under penalty of perjury, by Defendant's Chief Executive Officer, Steve Streetman ("Mr. Streetman"), in which Mr. Streetman declared that to the best of his knowledge and belief, no other persons, except concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely to cause confusion or mistake, or to deceive. See, Exhibit A.

17. Defendant's federal trademark application was initially refused registration on the grounds that THE LITTLETON GROUP failed to function as a trademark because it consisted of material which was primarily merely a surname, pursuant to Section 2(e)(4) of the Lanham Act, 15 U.S.C. § 1052(e)(4).

18. In response to said refusal, Defendant submitted a claim of acquired distinctiveness pursuant to Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f). In making such

5

a claim Mr. Streetman declared, under penalty of perjury, that THE LITTLETON GROUP mark "has become distinctive of the goods/services through the applicant's *substantially exclusive* and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least the five years immediately before the date of this statement" (emphasis added). See, Exhibit B.

## THE CONTROVERSY BETWEEN THE PARTIES

19. Over two years prior to signing the declarations acknowledging concurrent users and claiming substantial exclusivity, on December 28, 2017, Mr. Streetman sent Mr. Littleton a letter claiming that "[o]ver the past few years" certain clients of TLG may have inadvertently sent assignments to Littleton Claims and that Littleton Claims retained such assignments rather than re-directing them to TLG. See, Exhibit C. The December 28, 2017 letter went on to request that any future misdirected assignments be sent to TLG and that TLG would do likewise if assignments intended for Littleton Claims were sent to TLG. The letter concluded that Mr. Streetman was "confident this letter will resolve this matter." See, Exhibit C.

20. On January 8, 2018[1], Mr. Littleton sent a letter to Mr. Streetman in response to his December 28, 2017 letter. See Exhibit D. In said letter, Mr. Littleton denied having accepted any assignments that were intended for TLG and stated that any such misdirected assignments were redirected to TLG.

21. On August 6, 2020, counsel for TLG sent a letter to Mr. Littleton alleging instances of actual consumer confusion and that Littleton Claims is engaged in "actions [that] amount to unfair competition and infringement of TLG's registered and common law trademarks". The letter again asserted an "exclusive right to use THE LITTLETON GROUP in the United

---

[1] The date on the letter (in Exhibit D) actually reads "January 8, 2017". This date appears to be a typo, commonly committed by many in the first few weeks of the new year. It is clear that the date is indeed a typo by the fact that the first line reads, "We have received and studied your letter of December 28, 2017…"

6

States…" and claimed entitlement to "seek injunctive relief, damages, and other remedies…" and "additional remedies and damages if [TLG] is required to enforce its rights." The letter continued that:

> absent action from [Littleton Claims] [TLG] will not hesitate to take the steps needed to enforce its rights and remedy the confusion. To resolve this matter, [Littleton Claims] must cease use of "LITTLETON CLAIMS" as the primary business name presented to the public, cease use of the current logo, and modify its website and marketing, advertising, and promotional material to avoid use of a confusingly similar presentation, including, but not limited to, changing the font and color scheme.
>
> …
>
> If we do not hear from you, we will assume that [Littleton Claims] is not interested in resolving this matter amicably and TLG will be forced to consider legal action to enforce its trademark rights.

See, Exhibit E.

22. Plaintiff, Littleton Claims denies that its twenty-six-year use of Mr. Littleton's family name in the LITTLETON CLAIMS Marks violates any federal, state or common-law rights that Defendant claims to possess. To the extent any confusion has occurred, such confusion is isolated, insubstantial and *de minimis* particularly in light of the longstanding, concurrent, and peaceful co-existence of the parties' respective marks without harm to either company. That such is the case is amply demonstrated by the parties' past resolution of conflict as evidence by the letters attached hereto as Exhibits C and D.

## **CLAIMS FOR DECLARATORY RELIEF**

## **COUNT I**

### **Non-Violation of Lanham Act Section 32, 15 U.S.C. § 1114**

23. Littleton Claims repeats and realleges each and every allegation set forth in Paragraph 1 through 22 hereof.

7

24. As its first ground for relief Littleton Claims seeks a declaration of non-violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, as to federal trademark infringement.

25. The parties' respective marks are different such that concurrent use of the marks has not caused, and is not likely to cause, consumer confusion, mistake or deception as to the source or sponsorship of their goods or services. Littleton Claims is not seeking to trade on any alleged goodwill of Defendant, but rather enjoys its own goodwill developed through extensive use and promotion of the LITTLETON CLAIMS Marks over many decades. The parties' respective marks have concurrently and peacefully co-existed in the marketplace for over twenty years without harm to either company.

26. Littleton Claim's use of the LITTLETON CLAIMS Marks in connection with the Relevant Services does not violate Section 32 of the Lanham Act, 15 U.S.C. § 1114, with respect to any of Defendant's alleged rights.

## COUNT II
### Non-Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a)

27. Littleton Claims repeats and realleges each and every allegation set forth in Paragraph 1 through 26 hereof.

28. As its second ground for relief Littleton Claims seeks a declaration of non-violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as to false designation of origin and federal unfair competition.

29. Littleton Claims' use of the LITTLETON CLAIMS Marks in connection with the Relevant Services does not constitute a false designation of origin or federal unfair competition, is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Littleton Claims with Defendant, or as to the origin, sponsorship, or approval of the parties' products or services, and does not violate Section 43(a) of the Lanham Act, 15 U.S.C.

8

§ 1125(a).

## COUNT III

**Non-Violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/ et seq.**

30. Littleton Claims repeats and realleges each and every allegation set forth in Paragraph 1 through 29 hereof.

31. As its third ground for relief Littleton Claims seeks a declaration that it is not violating the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/ et seq.

32. Littleton Claims' use of the LITTLETON CLAIMS Marks in connection with the Relevant Services does not cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of services or of misunderstanding as to affiliation, connection or associations with another, and does not constitute unfair deceptive trade practices or unfair competition under the Illinois Uniform Deceptive Trade Practices Act.

## COUNT IV

**Non-Violation of Common Law Trademark Infringement**

33. Littleton Claims repeats and realleges each and every allegation set forth in Paragraph 1 through 32 hereof.

34. As its fourth ground for relief Littleton Claims seeks a declaration that it is not committing common law trademark infringement.

35. Littleton Claims' use of the LITTLETON CLAIMS Marks in connection with the Relevant Services does not cause a likelihood of confusion, mistake or deception as to the source or origin of the parties' respective services and does not constitute trademark infringement under the common law.

## COUNT V

### Non-Violation of Common Law Unfair Competition

36. Littleton Claims repeats and realleges each and every allegation set forth in Paragraph 1 through 35 hereof.

37. As its fifth ground for relief Littleton Claims seeks a declaration that it is not committing common law unfair competition.

38. Littleton Claims' use of the LITTLETON CLAIMS Marks in connection with the Relevant Services has not and will not harm Defendant and does not constitute unfair competition or unfair trade practices under the common law with respect to any alleged rights owned by Defendant.

**WHEREFORE**, with respect to its claims for declaratory relief, Littleton Claims prays:

(a) That the Court declare that Littleton Claims' use of the LITTLETON CLAIMS Marks in connection with the Relevant Services does not constitute federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, with respect to any alleged rights owned by Defendant.

(b) That the Court declare that Littleton Claims' use of the LITTLETON CLAIMS Marks in connection with the Relevant Services does not constitute federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with respect to any alleged rights owned by Defendant.

(c) That the Court declare that Littleton Claims' use of the LITTLETON CLAIMS Marks in connection with the Relevant Services does not violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/ et seq., with respect to any alleged rights owned by Defendant.

(d) That the Court declare that Littleton Claims' use of the LITTLETON CLAIMS

Marks in connection with the Relevant Services does not constitute common law trademark infringement with respect to any alleged rights owned by Defendant.

(e) That the Court declare that Littleton Claims' use of the LITTLETON CLAIMS Marks in connection with the Relevant Services does not constitute common law unfair competition with respect to any alleged rights owned by Defendant.

(f) That, because of the exceptional nature of this case, the Court award Littleton Claims its reasonable attorney's fees and costs relating to this action, pursuant to 15 U.S.C. § 1117.

(g) That the Court award such other and further relief as this Court deems appropriate.

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: September 2, 2020

/s/ Nicholas G. de la Torre
Richard B. Biagi, Esq.
IL Bar No. 6274572
Nicholas G. de la Torre, Esq.
IL Bar No. 6269612
NEAL & MCDEVITT, LLC
1776 Ash Street
Northfield, IL 60093
Telephone: (847) 441-9100
rbiagi@nealmcdevitt.com
ndelatorre@nealmcdevitt.com

*Attorneys for Plaintiff*